UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DANNY BUENO,<br><br>Defendant. | Case No.: 2:17-CR-00406-RCJ<br><br>ORDER |

Before the Court is Defendant Danny Bueno's ("Bueno") Motion for Early Termination of Supervised Release. (ECF No. 43). The Government filed a Response to Defendant's Motion for Early Termination of Supervised Release (ECF No. 44) and in response Bueno filed a reply. (ECF No. 45).

On May 14, 2018, Bueno plead guilty to the Indictment Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The Court later sentenced him to a term of twenty-three (23) months imprisonment, consecutive to Nevada state court case number C-16-318435, and concurrent to state case number CR005104-17, with three years of supervised release, which began on January 29, 2021. At this time, he has served roughly half of the three year sentence imposed.

Bueno asks the Court to terminate his supervised release. 18 U.S.C. § 3564(c) permits a court to terminate supervised release early if, after considering the factors set forth in 18 U.S.C. § 3553(a), "the court is satisfied that such action is warranted by the conduct of the defendant and the interest of justice." Section 3553(a) provides, in relevant part:

> The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court …
>
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
>    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>    (B) to afford adequate deterrence to criminal conduct;
>    (C) to protect the public from further crimes of the defendant; and
>    (D) to provide the defendant needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> . . .
>
> (4) the kinds of sentence and the sentencing range established …
> (5) any pertinent policy statement …
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and the need to provide restitution to any victims of the offense[.]

Bueno argues that early termination of supervised release is warranted because he has complied with his supervised release terms. While the Government asserts "Bueno has not carried his burden to show he is entitled to early termination based on the statutory and advisory factors," they submit this matter to the Court's discretion. (ECF No. 44 at 4). "Having provided the Court with the relevant facts and circumstances surrounding the instant offense, Bueno's criminal history, and his involvement with the 18th Street gang, the government submits the matter to the discretion of the Court." (ECF 44 at 5). The U.S. Probation Office does not believe Bueno's compliance qualifies as "substantial" compliance as a criterion established by the Guide to Judiciary Policy, Volume 8E, Chapter 3. Although he has been compliant, it is of the opinion of the U.S. Probation Office that this alone does not merit early termination. Mr. Bueno's compliance is what is expected of him while under supervised release and does not constitute extraordinary conduct that would deem him appropriate for consideration of early termination.

After considering the Section 3553(a) factors, Bueno's conduct while on supervised release, the Government's acquiescence, and the interest of justice, the Court finds that early

termination of Bueno's supervised release sentence is warranted.   Accordingly, the Court grants Bueno's motion for early termination of supervised release.

IT IS THEREFORE ORDERED that Bueno's Motion for Early Termination of Supervised Release is GRANTED. (ECF No. 43).

IT IS SO ORDERED.

DATED this 28th day of October, 2022.

_____
ROBERT C. JONES
UNITED STATES DISTRICT JUDGE